UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-20928-MC-UNGARO/TORRES

AARON YOUNG,

       Plaintiff,

v.

HOSSAM ANTAR,

       Defendant.
_____/

## ORDER ON PENDING MOTIONS

This matter is before the Court on additional pending motions in this case that followed from the Court's Order granting Plaintiff's Motion to Compel Discovery in Aid of Execution [D.E. 8]. The pending motions have also been referred for disposition. [D.E 17, 19]. Upon reviewing all the motions, responses in opposition, and the record in this case, the Court's rulings follow.

    1.    This is a closed enforcement action on registration of a foreign judgment. On March 23, 2011, Plaintiff served on Defendant with interrogatory and production requests in aid of execution on that judgment, pursuant to Fed. R. Civ. P. 69 and Florida state law. Defendant responded to the requests with only partial answers to the interrogatories, and even less responsiveness to the production requests. Defendant apparently produced no documentation supporting his answers and in compliance with the production requests under Fed. R. Civ. P. 34.

2. Upon the filing of the motion to compel, a timely response in opposition was not filed. The motion was thus ripe for disposition. On June 6, 2011, the Court granted the motion be default and for good cause shown and ordered that all responsive interrogatory and production requests be responded to without further delay, that all objections had been waived, and that the failure to comply with the Order could be grounds for additional sanctions. [D.E. 8].

3. Following the Order, Defendant filed the pending Motion for Reconsideration and Hearing [D.E. 9] as to certain parts of the Court's Order. Defendant raised concerns regarding how providing complete answers to certain of the discovery requests at issue would be improper, could form the basis of an improper garnishment attempt, could turn over confidential information, and furthered an erroneous judgment in Maryland.

4. Each of these arguments, to the extent they had any merit, were waived by virtue of Defendant's failure to timely respond to the original motion to compel. But apart from that, none of the arguments cited are sufficient to overcome Plaintiff's statutory right to obtain the discovery at issue to execute on a fully enforceable final judgment. Undoubtedly, if there was any merit to Defendant's arguments as to the original judgment, those arguments were either waived or rejected on appeal from that judgment. This is not the proper forum with which to deal with those issues. Our jurisdiction at this point is limited to enforcing Plaintiff's rights under the Federal Rules of Civil Procedure and state law. The discovery at issue is customary and appropriate for that purpose. And obviously confidential financial information is contemplated by the discovery rules. Therefore, the arguments now untimely raised

in opposition to a complete response to the discovery requests at issue are without merit and do not provide cause for the Court to amend its earlier Order or grant Defendant any relief.

5.   For many of the same reasons, Plaintiff's Motion to Institute Proceedings Supplementary [D.E. 10] must also be Granted. Proceedings supplementary may be brought pursuant to Fed. R. Civ. P. 69 and Fla. Stat. § 56.29. Rule 69 provides that state law concerning supplementary post-judgment proceedings will govern to the extent that it is not preempted by federal law. *Allied Indus. Int'l, Inc. v. AGFA-Gavaert, Inc.*, 688 F. Supp. 1516, 1517 (S.D. Fla. 1988). Proceedings supplementary provide a "useful, efficacious, and salutary remedy at law enabling the judgment creditor not only to discover assets which may be subject to his judgment, but to subject them thereto *by a speedy and direct proceeding in the same court in which the judgment was recovered.*" *Regent Bank v. Woodcox*, 636 So. 2d 885, 886 (Fla. 4th DCA 1994) (emphasis in original) (citation omitted). They are designed to avoid the necessity of a judgment creditor having to initiate an entirely separate action in order to reach assets of a judgment debtor. *Id.*; *Tomayko v. Thomas*, 143 So. 2d 227, 229 (Fla. 3d DCA 1962) (statutory proceedings supplementary to execution are a substitute for a creditor's bill which was the traditional process for reaching assets of a judgment debtor); *Cuban Cigar Brands, NV v. Tabacalera Popular Cubana, Inc.*, 2008 WL 4279641, at *2 (S.D. Fla. Sept. 16, 2008) (the proceeding is "equitable in nature and should be interpreted liberally to ensure that a judgment creditor receives the most complete relief possible *without the necessity of initiating a separate action.*" (emphasis

supplied) (internal citations omitted)); *Schwartz v. Capital City First Nat'l Bank*, 365 So. 2d 181, 183 (Fla. 1st DCA 1978) (legislative purpose is to allow a court to follow through with the enforcement of its judgment so there is no need for an independent suit to reach property that legally should be applied to satisfy the judgment).

6. Through this statutory mechanism, the Florida Legislature intended to provide "a swift, summary disposition of issues through the relief of equitable remedies." *Mission Bay Campland, Inc. v. Sumner Fin. Corp.*, 72 F.R.D. 464, 466 (M.D. Fla. 1976). Proceedings supplementary are not independent causes of action but are post-judgment proceedings that permit a judgment creditor to effectuate a judgment lien that already exists. *Zureikat v. Shaibani*, 944 So. 2d 1019, 1022 (Fla. 4th DCA 2006); *Buckley v. Pappas*, 2 So. 3d 376, 378 (Fla. 4th DCA 2008) (same). Section 56.29 does not create any substantive rights of recovery; it is a procedural mechanism by which a judgment creditor may investigate assets of the judgment debtor that might be used to satisfy a judgment. *In re Hill*, 332 B.R. 835, 843 (Bankr. M.D. Fla. 2005); *Ryan's Furniture Exch., Inc. v. McNair*, 162 So. 483, 486 (Fla. 1935).

7. Accordingly, and without prejudice to any of Defendant's substantive arguments that can be raised procedurally to subsequent attempts to collect or enforce the final judgment, such as those under the Florida garnishment statute, the motion to initiate proceedings supplementary shall be granted.

8. Similarly, Defendant's Motion for Protective Order [D.E. 14] on a subpoena issued to Wachovia Bank and HSBC Bank must be Denied because no good cause is shown in the motion why Plaintiff cannot obtain the documents at issue.

Defendant's arguments regarding the fact that monies in those accounts are not entirely owned or controlled by him individually, as opposed to by a corporate entity, are insufficient to quash the subpoena. Again, that is without prejudice to any attempt to seize or execute on those accounts at a later date, at which time Defendant's arguments may have to be addressed. On a discovery matter, however, Defendant's opposition to the subpoenas must be overruled under Fed. R. Civ. P. 45.

9. Finally, the Plaintiff's Motion for Sanctions and for Contempt of Court [D.E. 16] will be Denied, for now. Considering the Defendant's lawful attempts at objecting to the subpoena and seeking reconsideration of the Court's earlier Order, the Court cannot find at this point that Defendant has placed himself in contempt of Court. The Court has now considered Defendant's arguments for relief from some of the discovery requests at issue and has rejected them. The Court is clearly and unequivocally directing the Defendant to fully comply with each and every discovery request at issue and provide all responsive documents to Plaintiff in his custody and control. If relevant documents or information are in the hands of third party agents, like accountants or attorneys who are agents of the Defendant, then Defendant has the duty to instruct those persons to provide him the information or documents necessary for him to comply with this Order. Any further failure to comply with the discovery requests at issue will require the Court to enter appropriate sanctions under Rule 37, including a finding that Defendant is in contempt of Court. For now, however, we assume that, with his objections and concerns addressed and rejected, Defendant will comply with this Order.

10. Defendant has ten (10) days from this date to fully comply with this Order, the Court's earlier Order on the motion to compel, and the outstanding discovery requests that have not fully and completely been satisfied.

**DONE AND ORDERED** in Chambers, at Miami, Florida this 25th day of July, 2011.

                                                /s/   *Edwin G. Torres*
                                                EDWIN G. TORRES
                                                United States Magistrate Judge